ESTATE OF WILLIAM B. PRATT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JAMES A. BELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. H. PATTERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8858, 8859, 8901. Promulgated July 11, 1927.

Salaries credited to petitioners upon the books of the corporation of which they were officers and stockholders, but not received within the taxable years nor available for their use, were not income to them upon the cash receipts and disbursements basis.

*Calvin Clarke, Esq.,* and *H. J. Richardson, Esq.,* for the petitioners.

*Bruce A. Low, Esq.,* for the respondent.

These proceedings were consolidated for hearing and decision. Since the petition was filed by William B. Pratt his death has been suggested and on proper motion the proceeding was revived in the name of the Estate of William B. Pratt.

In the case of the Estate of William B. Pratt, the Commissioner determined deficiencies of $2,485.20 for 1919 and $864.16 for 1920. In the case of James A. Bell, he determined deficiencies of $3,430.04 for 1919 and $950.25 for 1920, and in the case of W. H. Patterson deficiencies of $2,164.35 for 1919 and $1,485.63 for 1920.

The one question involved in all three cases, is whether the petitioners, who made returns on a cash receipts and disbursements basis, should report as income amounts not actually received in cash or its equivalent.

FINDINGS OF FACT.

During the years 1919 and 1920 William B. Pratt, James A. Bell, and W. H. Patterson were residents of Elkhart, Ind., and were officers of and actively engaged in the conduct of the business of the Elkhart Carriage & Motor Car Co., an Indiana Corporation engaged in the manufacture of automobiles. Pratt was president; Bell, treas-

urer and chairman of the board of directors; and Patterson, vice president. They together owned 90 per cent of the stock of the corporation and each were allowed a fixed salary plus an additional amount annually based on increased sales.

The corporation closed its books on a fiscal year basis as of October 31, and during the calendar years 1919 and 1920 it credited to the individual accounts of the three petitioners the following amounts as salaries:

| Year | William B. Pratt | J. A. Bell | W. H. Patterson |
|------|-----------------|-----------|-----------------|
| 1919 | $41,072.03 | $41,072.03 | $42,530.33 |
| 1920 | 18,000.00 | 18,000.00 | 18,000.00 |

The petitioners in their tax returns prepared by their auditor for years 1919 and 1920, which were upon the cash receipts and disbursements basis, reported the following amounts as salaries received from the Elkhart Carriage & Motor Car Co.:

| Year | William B. Pratt | J. A. Bell | W. H. Patterson |
|------|-----------------|-----------|-----------------|
| 1919 | $31,057.88 | $31,057.88 | $32,069.19 |
| 1920 | 11,500.00 | 11,500.00 | 11,500.00 |

Amounts actually received by each of the petitioners in payment of salary for each of the years, in cash, Liberty bonds and merchandise, were as follows:

William B. Pratt:  
  In 1919, $26,154.94—  
    Merchandise _____ $1,083.91  
    Cash and Liberty bonds _____ 25,071.03  

                                                           26,154.94  

  In 1920, $19,766.57—  
    Merchandise _____ 3,574.56  
    Cash and Liberty bonds _____ 16,192.01  

                                                            19,766.57  

J. A. Bell:  
  In 1919, $28,824.18—  
    Merchandise _____ 2,935.00  
    Cash and Liberty bonds _____ 25,889.18  

                                                            28,824.18  

  In 1920, $20,380.12—  
    Merchandise _____ 6,254.86  
    Cash and Liberty bonds _____ 14,114.26  

                                                            20,380.12

W. H. Patterson:

In 1919, $28,538.30—

| | |
|---|---|
| Merchandise | $1, 776. 75 |
| Cash and Liberty bonds | 26, 761. 55 |
| | 28, 538. 30 |

In 1920, $17,021.03—

| | |
|---|---|
| Merchandise | 644. 22 |
| Cash and Liberty bonds | 16, 376. 81 |
| | 17, 021. 03 |

In addition to the cash, Liberty bonds, and merchandise included in the above mentioned amounts petitioners received first preferred stock and notes of the Elkhart Carriage & Motor Car Co., and common stock of the Motor Finance Co., all of which was charged to their salary accounts as follows:

### William B. Pratt

| | |
|---|---|
| In 1919. First preferred stock of the Elkhart Carriage & Motor Car Co., $6,200.00 par value, less $5,150.00 issued for note given him for salary in 1918 | $1, 050. 00 |
| In 1920. Note, August 5, 1920, given by the Elkhart Carriage & Motor Car Co | 1, 400. 00 |
| Motor Finance Co. stock, par value | 1, 000. 00 |

### J. A. Bell

| | |
|---|---|
| In 1919. First preferred stock of the Elkhart Carriage & Motor Car Co., $8,700.00 par value, less $5,200.00 issued for note given him in 1918 | 3, 500. 00 |
| In 1920. Motor Finance Co. stock, par value | 1, 000. 00 |
| Note of Elkhart Carriage & Motor Car Co | 1, 400. 00 |

### W. H. Patterson

| | |
|---|---|
| In 1919. First preferred stock of Elkhart Carriage & Motor Car Co., $9,500.00 par value, less $5,499.75 issued for note given by corporation for 1918 for salary ($500.00 of this stock represented undrawn salary for 1918) | 4, 000. 25 |
| In 1920. Motor Finance Co. stock, par value | 1, 000. 00 |
| Note Elkhart Carriage & Motor Car Co | 2, 000. 00 |

The fair market value of the first preferred stock of the Elkhart Carriage & Motor Car Co. at the time received in 1919 in payment of salary was $90 a share, par value $100. The stock of the Motor Finance Co. had no market value at the time received by petitioner or at any time subsequent thereto. There was an agreement between the four executives and the Elkhart Carriage & Motor Car Co. that the salaries credited to the accounts of the petitioners could not be drawn upon by them without the consent of James A. Bell, treasurer and chairman of the board of directors, and then only in the event

the company had sufficient funds available to make payment without embarrassment.

The credit balances to the accounts of the petitioners in each of the years involved, were not available to and could not be drawn by them, the consent of Bell and the requisite funds both being lacking.

OPINION.

LITTLETON: The Commissioner held that the total amounts credited to petitioners as salary upon the books of the Elkhart Carriage & Motor Car Co. for each of the years 1919 and 1920 were actually or constructively received in each year and computed the tax accordingly. In these proceedings the petitioners conceded that the total of the items consisting of cash, Liberty bonds and merchandise, received in each of the years, should be taxed as salary, but they claim that the preferred stock and interest-bearing promissory notes of the Elkhart Carriage & Motor Car Co. and the common stock of the Motor Finance Co. should not be included as income in the year in which received for the reason that such stock and notes had no fair market value at the time received. As to the first preferred stock and notes of the Elkhart Carriage & Motor Car Co., two of the petitioners testified at considerable length concerning the amount of money borrowed by that company and as to its strained financial condition at times. The only evidence relating to the value of the first preferred stock is the testimony of the petitioner Bell, who was treasurer and chairman of the board of directors of the company, wherein he stated that about the time the stock was received by the petitioners in 1919 he offered some of it for sale at $90 a share, but found no purchaser at that price and made no effort to sell it for less because he considered the stock to be worth $90 a share. From the record we are of the opinion that the first preferred stock of the Elkhart Carriage & Motor Car Co. to the extent that it was specifically received for salary in 1919 should be included as income to the petitioners to the extent of $90 a share.

The amount of first preferred stock of the Elkhart Carriage & Motor Car Co. to be considered in determining the income for 1919 follows: William B. Pratt, $1,050 par value; J. A. Bell, $3,500 par value; William H. Patterson, $4,000 par value. A portion of the preferred stock received by petitioners in 1919 was given by the corporation in exchange for its promissory notes given petitioners in 1918 in payment for salary then due and had nothing to do with the salary credited to petitioners during 1919. No evidence was offered as to the market value of the interest-bearing promissory notes of the Elkhart Carriage & Motor Car Co. given in 1919 for salary. In view of the record we affirm the Commissioner in holding that such

notes represented income to the extent of their face value. As to the common stock of the Motor Finance Corporation, we are of the opinion that this stock had no market value at the time received by the petitioners in part payment of salary or at any other time. Prior to the organization of the Motor Finance in August, 1920, a Missouri corporation, known as the Seberin Company, was engaged in the business of selling automobiles and supplies at Kansas City and was a customer of the Elkhart Carriage & Motor Car Co. The Seberin Company failed in 1920 and went out of business. The persons who had been identified with that company organized the Motor Finance Corporation to carry on the same business and in August, 1920, the Motor Finance Corporation purchased certain merchandise from the Elkhart Carriage & Motor Car Co. to the extent of $4,000, and gave in payment therefor its common stock of the par value of $4,000. The Elkhart Carriage & Motor Car Co. transferred this stock to petitioners in equal amounts and charged the same to their salary accounts. The Motor Finance Corporation was not successful and failed in November, 1920.

The petitioners question the correctness of the Commissioner's determinations for the years 1918 and 1921, but in those years he determined that the tax shown due by petitioners upon their returns exceeded the correct amount of the tax due for those years. The Board is therefore without jurisdiction as to the years 1918 and 1921. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255. The deficiencies for 1919 and 1920 should be recomputed in accordance with the foregoing.

> *Judgment will be entered on 15 days' notice,*
> *under Rule 50.*